

ORIGINAL

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

FILED
AUG 1 8 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Name **SEEGARS**               **JAMES**
       (Last)                    (First)

Prisoner Number **E - 16635**

Institutional Address **AVENAL STATE PRISON - 1 KINGS WAY - P.O.BOX 9**

**AVENAL, CALIFORNIA 93204**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**CW**

**CV 08**          **3940**

**JAMES SEEGARS**
Full Name of Petitioner

**E-filing**

Case No.(To be provided by the clerk of court)

**(PR)**

vs.

**JAMES D. HARTLEY,WARDEN**          PETITION FOR A WRIT OF HABEAS CORPUS
    Name of Respondent
    (Warden or jailor)

<u>Read Comments Carefully Before Filling In</u>

<u>When and Where to File</u>

    You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

    If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your

petition will likely be transferred to the district court for the district that includes the institution where you are confined.  Habeas L.R. 2254-3(b).

Who to Name as Respondent

You must name the person in whose actual custody you are.  This usually means the Warden or jailor.  Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced.  These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1.    What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

SANTA CLARA SUPERIOR COURT                    191 NORTH FIRST STREET
_____Court_____                           Location   SAN JOSE,CA.95113-1090

(b)    Case number, if known __121948__
(c)    Date and terms of sentence __4/5/89__
(d)    Are you now in custody serving this term?  (Custody means being in jail, on parole or probation, etc.)  Yes _x_  No __

Where? AVENAL STATE PRISON - 1 KINGS WAY - P.O.BOX 9 - AVENAL, CA.93204
        (Name of Institution)                    (Address)

2.    For what crime were you given this sentence?  (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known.  If you are challenging more than one sentence, you should file a different petition for each sentence.)

288(a)(c), 289(a) and 211/212 _____

_____

_____

3.    Did you have any of the following?

Arraignment: Yes _x_  No __  Preliminary Hearing: Yes _x_ No __ Motion to Suppress: Yes __ No _x_

4.    How did you plead?

Guilty _____    Not Guilty ___**X**___    Nolo Contendere _____

Any other plea (specify) _____

5.    If you went to trial, what kind of trial did you have?

Jury _**X**_    Judge alone _____    Judge alone on a transcript _____

6.    Did you testify at your trial?  Yes ___  No ___

7.    Did you have an attorney at the following proceedings:

(a)    Arraignment   Yes _**X**_    No ___
(b)    Preliminary hearing          Yes**X**.          No ___
(c)    Time of plea   Yes _**X**_    No ___
(d)    Trial   Yes **X**___    No ___
(e)    Sentencing   Yes _**X**_    No ___
(f)    Appeal    Yes ___    No **X**___
(g)    Other post-conviction proceeding    Yes ___          No _**X**_

8.    Did you appeal your conviction?    Yes ___  No **X**___

(a)    If you did, to what court(s) did you appeal?

| | | | |
|---|---|---|---|
| Court of Appeal | Yes ___ | No ___ | **N/A** _____ |
| | | | (Year)          (Result) |
| Supreme Court of California | Yes ___ | No ___ | **N/A** _____ |
| | | | (Year)          (Result) |
| Any other court | Yes ___ | No ___ | **N/A** _____ |
| | | | (Year)          (Result) |

(b)    If you appealed, were the grounds the same as those that you are raising in this petition?
          **N/A**                                Yes ___  No ___

(c)    Was there an opinion?  **N/A** Yes ___  No ___

(d)    Did you seek permission to file a late appeal under Rule 31(a)?
                                Yes ___        No _**X**_

If you did, give the name of the court and the result:

9.     Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?     Yes **X**     No ___

SUPERIOR COURT SANTA CLARA  - WRIT OF HABEAS CORPUS - denied(see attached Exhibits C thru D).

CALIFORNIA SUPREME COURT  - WRIT OF HABEAS CORPUS - DENIED(see EXHIBITS C THUR D).

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA -

28 U.S.C § 2254 - DENIED WITHOUT PREJUDICE(SEE EXHIBITS A THRU B HEREIN COLLEC-

TIVELY.)

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

      (a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.    Name of Court <u>SUPERIOR COURT SANTA CLARA</u>

Type of Proceeding <u>CUNNINGHAM(i.e.,upper term )and ineffective assistance of counsel for failure to file appeal(evidentiary hearing)(EXHIBIT C-D)</u>

Grounds raised (Be brief but specific):

a.    <u>TRIAL COURT ERRED WHEN IMPOSING UPPER TERM</u>

b.    <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

c.    _____

d.    _____

Result <u>DENIED</u>    Date of Result <u>10-24-2003</u>

II.    Name of Court <u>CALIFORNIA SUPREME COURT</u>

Type of Proceeding <u>HABEAS CORPUS</u>

Grounds raised (Be brief but specific):

a.    <u>TRIAL COURT ERRED WHEN IMPOSING UPPER TERM</u>

b.    _____

c.    _____

d.    _____

Result <u>DENIED</u>    Date of Result <u>5-9-07</u>

III.    Name of Court _____

Type of Proceeding _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result _____ Date of Result _____

        (b)    Is any petition, appeal or other post-conviction proceeding now pending in any

court?    Yes ___ No ___

_____

(Name and location of court)

## B.  GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully.  Give facts to

support each claim.  For example, what legal right or privilege were you denied?  What happened?  Who

made the error?  Avoid legal arguments with numerous case citations.  Attach extra paper if you need

more space.  Answer the same questions for each claim.

Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

petitions may be dismissed without review on the merits.  28 U.S.C. § 2244(b); McCleskey v. Zant, 499

U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

Claim One:  **SEE ATTACHED)** _____

7

Supporting Facts: _____

_____

_____

_____

Claim Two: __**SEE ATTACHED**_____

_____

Supporting Facts: _____

_____

_____

_____

Claim Three: _____

_____

Supporting Facts: _____

_____

_____

_____

If any of these grounds was not previously presented to any other court, state briefly which

grounds were not presented and why:

__**N/A**_____

_____

_____

_____

1  JAMES SEEGARS — E16635

2  630 — 1 — 29L

3  P.O.BOX 9

4  Avenal, Ca. 93204

5  PETITIONER AND APPELLANT

6  IN PRO PER

7

8             IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  JAMES SEEGARS,                )        CASE NO.:_____
                                  )
11              PETITIONER,       )
                                  )
12                                )
                                  )
13  v.                            )
                                  )
14                                )
                                  )
15                                )
                                  )
16  JAMES D. HARTLEY,             )
                                  )
17              RESPONDENT,       )
                                  )
18  _____)

19                          INTRODUCTION

20     NOW COMES PETITIONER(JAMES SEEGARS)BEFORE THE HONORABLE UNITED STATES DISTRICT

21  COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

22     On July 13, 2007, the Honorable United States District Judge Martin J.Jenkins

23  "DISMISSED " petitioner's habeas petition 28 U.S.C.§ 2254 without prejudice, with

24  direction to re-file once all state post-conviction challenges were completed,case

25  number C-07-3139 MJJ(PR).(See Exhibit A herein collectively.)

26     Petitioner respectfully comes before this Court in light of his previous issue

27  raising the Cunningham v California,549 U.S.___,127 S.Ct.856, decision rendered by

28  the UNited States Supreme Court on January 22. 2007.

                                    9

1  Petitioner's sentence is legally unauthoried and violated his Sixth and Fourteenth
2  Amendments.

3

4  GOOD CAUSE JUSTIFICATION AND EXPLANATION FOR RELIEF

5  On January 22,2007, the United states Supreme court decided Cunningham v California,
6  127 S.Ct.856, which held that, " California Determinate Sentencing Law (DSL)is uncon-
7  stitutional and violated defendant's Sixth and fourteenth Amendments.
8  On October 24, 2003, petitioner's conviction became final, case no.#121948(Exhibit
9  D herein collectively.)
10  On Febuary 5, 2007, petitioner filed a writ of habeas corpus in the Santa Clara
11  Superior Court, case no.#121948.(Exhibit C)
12  On April 5, 2007, petitioner filed a writ of habeas corpus in the California Supreme
13  Court, case no.# S151564.(Exhibit B.)
14  On June 14, 2007, petitioner filed a 28 U.S.C § 2254 in this United States District
15  Court.(Exhibit A herein collectively.)
16  On August 17, 2007, petitioner filed a " NOtice of Appeal" in this District Court
17  out of ignorance of the law when the Honorable Judge Martin J.Jenkins dismissed his
18  petition without prejudice because petitioner did not understand the order.(Exhibit
19  A herein collectively.)
20  On October 22, 2007, petitioner's filed a Certificate of Appealability,  denied on
21  November 8, 2007.(Exhibit A herein collectively.)
22
23
24
25
26
27
28

10

RELEVANT FACTUAL PROCEDURAL HISTORY

The California Legislature quickly swung into action and passed a new bill which eliminated California preference for the middle -term, by returning to the trial judge power to impose an upper -term sentence on their own, consistently with the Sixth Amendment concerns the Supreme Court had expressed in Cunningham.

Governor Schwarnegger quickly signed the bill in to law in late March, so the middle-term is no longer the " statutory minimum ", that the judge can impose without supporting jury findings."

As of April 30, 2007, the Cunningham window closed preventing the ability of prisoners to claim the upper-term sentence violated their Sixth Amendment.

However, petitioner filed his habeas petition before the new " anti-Cunningham " legislation took effect.(See Exhibit B thru C herein collectively.)

In other words, the result of Cunningham is a direct result of the rule announced in Apprendi v New Jersey,530 U.S.466(2000), thus retroactivity is not a factor because Cunningham is not a new ruling, and petitioner is entitled to present his claim on habeas corpus.(See Backting v Bayer,399 F.3d 1010,1023(9th Cir.)("Crawford simply reiterates a long standing rule and does not announce a new rule, the retroactivity falls out of our analysis."Id.at 1023.)

Accordingly, petitioner is entitled to relief based on the fact his case did not become final until after Apprendi, therefore, this court should grant relief based on the trial court's erroneous imposition of the upper-terms on counts 2, 4, 5, 6, 8, 9, and 11, which violated petitioner's Sixth and Fourteenth Amendments of the Due Process Clause.(See McClesky v Zant,499 U.S.467, 111 S.Ct.1454, 1456; Stone v Powell, 428 U.S.465, 492-493.)

11

GROUND ONE:

THE TRIAL COURT ERRED UNDER CUNNINGHAM''S DECISION BY IMPOSING THE UPPER TERMS BASED ON FACTS NOT FOUND BY THE JURY VIOLATED PETITIONER'S SIXTH AND FOURTEENTH AMENDMENTS OF THE DUE PROCESS CLAUSE:

SUPPORTING FACTS.'

   On April 5, 1989, petitioner was convicted by jury of six counts of oral copula-tion(P.C.§ 288(a)(c).), and one count of penetration w/foreign object(P.C.§ 289(a).) and one count of second-degree-robbery(P.C.§ 211/212(b).), one count of attempted rape(P.C.§ 664/261(2).), one count of false imprisonment(P.C. § 236/237, case no. 121948.(See Exhibits E – F herein collectively.)

   On May 3, 1989, the trial court imposed the upper-term on counts 2,4,5,6,8,9,and 11, plus enhancements totaling a term of 54 years to be served in the dept.of Cor-rections Rehabilitation.(Exhibit E.)

  The trial court erred when imposing the upper-terms without the jury's finding and without petitioner's admission to the additional factors.(See Exhibits E- F.)

  Accordingly, the trial court abused its discretion violating petitioner's constitu-tional rights guaranteed under the Sixth and Fourteenth Amendments of the United States Constitutions and California Constitutions, which is a fundamental miscarri-age of justice of the Due Process Clause.

12

Memorandum of Points And Authorities

ARGUEMENT

A

Under California Determinate sentencing Law(DSL), offenses are punishable by one of three precise terms of imprisonments; a low term, a mid-term, and a upper-term.

Petitioner's finality of his conviction became final on 10-24-03, after Apprendi. The United States Supreme Court's decision held that; " imposition of an upper term sentence under California's former Determinate Sentenceing Law based on neither a prior conviction, nor facts found by the jury or admitted by the defendant violates the sixth and fourteenth Amendments.

The federal constitution jury-trial gurantee proscribes a sentencing scheme that allows a judge to impose a sentence above the " statutory maximum " based on facts other than a prior conviction, not found by a jury or admitted by the defendant.(See Apprendi,supra,530 U.S.466, Ring v Arizona,536 U.S.584(2003); Blakely v Washington, 542 U.S.296; United States v Booker,543 U.S.220(2005)("the relevant "statutory maxi-mum " is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.")see Cunningham,supra, 127 S.Ct.at 860.)

None of the aggravating factors on which the trial court relied on is a constitu-tionally permissible ground for exceeding the statutory maximum at the time of the imposition in petitioner's case.(Exhibit E.)

Cunningham opine, that the genesis for its decision is the rule announced for the first time in Apprendi. The Supreme court re-affirmed the Apprendi rule, and summari-ing Blakely. The Court stated; " it was applying the apprendi rule.

Apprendi makes it perfectly clear that the " statutory maximum " sentence a judge may impose solely is on the basis of the facts relfected in the jury's verdict or admitted by the defendant, not the maxi-

13

mum sentence the judge may impose after finding additional facts, but the maximum

he may impose without any additional findings."(Id.at 490.)

The Cunningham court concluded that, " our decision from Apprendi to Booker, points

tothe middle term specified in California's statutes, not the upper-term as

the "statutory maximum."(Blakely,542 U.S. at 303-304.) 1/

In petitioner's case, the trial court's imposition of the high-end(upper term)

sentence was based on facts found by the judge, which exceeded the " statutory maxi-

mum ", because the mid-term is the most that can be imposed under California's statutes

without special findings by the jury or admitted by the defendant.(Blakely,542 U.S.

at 303-304; citing Apprendi,supra,530 U.S.466.)

Clearly the fact finding in petitioner's case elevated his sentence from the

"statutory maximum"...falls within the province of the jury employing a beyond a

reasonable doubt standard, not the bailwick of the trial judge's determination where

the preponderance of evidence lies.(SeePeople v Diaz(2007__Cal.App.4th__).

Furthermore, Cunningham relies on Blakely, Bakely applies the rules announced in

Apprendi, therefore, entitling petitioner to relief based on his conviction becoming

finalized after Apprendi, which violated his Sixth and Fourteenth Amendments.(See

Exhibit D.; see also People v Rosen(2007)__Cal.App.4th(WL900765); §VII[Apprendi

dictated the result in Cunningham]; Reed v Schriro,__F.Supp.2d__,(2007WL521016(D.

Ariz.2/14/07)(key "Finality"date for successfully making Cunningham claims is the

date that Apprendi came down.)

Moreover, a factor in aggravation must have the effects of making a crime "dis-

tinctively worse than the ordinary "(People v Webber(1991)228 Cal.App.3d 1146,1169,

1/" Any fact extending the defendant's sentence beyond the maximum authorized by the
jury or admitted by the defendant would have been considered an element of a
aggravated crime and thus the domain of the jury by those who framed the BILL OF
RIGHTS."

14

1    and a fact that is an element of a crime or that is essential to a jury's determina-

2    tion of guilt may not be used to impose the upper-term"(See Cunningham,127 S.Ct.at

3    868; see also Cal.Rules of Court,Rule 4.420(d).)

4

5

6                                    **B**

7    TRIAL COURT'S ERROR AND ABUSE OF DISCRETION REQUIRES REVERSAL:

8       Failure to submit a sentencing factor to the jury is subject to harmless error

9    analysis under the standard set forth in Chapman v California,386 U.S.18(1967); see

10   Washington v Recuenco,    548 U.S.___,126 S.Ct.2546, 2551-2553.)

11   However, Apprendi error is evaluated under the Chapman standard.(See People v Sena-

12   padychith(2001)26 Cal.4th 316, 327.)

13      Consequently, while a jury reasonably could have found each of the aggravating

14   factors to be true beyond a reasonable doubt based on the evidence presented in the

15   trial court, this court cannot conclude that a jury would have done so.

16      Thus, this court should not conclude that the constitutional error sustained by

17   petitioner was harmless beyond a reasonable doubt because it violated his Sixth and

18   Fourteenth Amendments.

19

20

21

22

23

24

25

26

27

28

                                    15

1

## SUMMARY

2  Consequently, becasue a fact'other than a prior conviction used to

3  impose the upper-term must first be submitted to a jury and proved be-

4  yond a reasonable doubt, unless the accused waives the right to jury

5  trial(<u>Cunningham</u>,549 U.S.__,127 S.Ct.856[166 L.Ed.2d at 873],it now

6  appears that to satify procedural due process, an aggravating fact must

7  be charged in the accusatory pleading.(See <u>Apprendi,530</u> U.S.466,476,

8  494,fn.19[147 L.Ed.2d 435,446,457,fn.19]; <u>Jones v United States,526</u> U.S.

9  227,243,fn.6[143 L.Ed.2d 311,326,fn.6]["any fact(other than prior con-

10  victions)that increases the maximum penalty for a crime must be charg-

11  ed in an indictment, submitted to a jury, and prove[d] beyond a reason-

12  able doubt'(italics added)].)"(<u>Barragan v Superior</u> Court(2007)__Cal.

13  App.4th__(WL914768,*2][permitting,in a just-begun criminal trial,the

14  amedment of the information to allege aggravating factors.](See Exhibits

15  A - B herein cllectively.)

16

17

18

19

20

21

22

23

24

25

26

27

28                                          16

1

<u>CONCLUSION</u>

2  Wherefore, petitioner prays that the judgement be modified to impose

3 the " middle-term " on counts 2,4,5,6,8,9,11, and order the clerk of

4 the Superior Court to prepare a new abstract of judgement reflecting

5 imposition of the middle-terms on all counts above, that the abstract

6 of judgement reflect that the sentence on all counts listed above as

7 mid-terms are full terms to be served consecutively, not consecutive

8 sentences of 1/3 of the middle-term as they were previously and incor-

9 rectly designated, and forward a true copy to the California Department

10 of Corections Rehabilitation.

11

12                                         Respectfully submitted

13                                         *James Seegars*

14                                          JAMES SEEGARS
                                           PETITIONER AND APPELLANT
15                                                IN PRO PER

16

17

18

19

20

21

22

23

24

25

26

27

28                          17

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

_____

_____

_____

Do you have an attorney for this petition?    Yes X̲  No

If you do, give the name and address of your attorney:

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on __July 30__, 2008    ___Charles Seegars___
             Date              Signature of Petitioner

( rev. 5/96)

18

PROOF OF SERVICE BY MAIL

# ORIGINAL

I THE UNDERSIGNED,  CERTIFY THAT I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE. THAT I

CAUSED TO BE SERVED A COPY OF THE FOLLOWING DOCUMENT:

ENTITLED:__**WRIT OF HABEAS CORPUS § 28 U.S.C.§2254 and EXHIBITS**__

_____

_____

BY PLACING THE SAME IN AN ENVELPOE, SEALING IT BEFORE A CORRECTIONAL OFFICER,

AND DEPOSITING IT IN THE [*UNITED STATE MAIL*] AT AVENAL STATE PRISON AND ADDRESSED IT TO THE

FOLLOWING:

**UNITED STATES DISTRICT COURT**  **ATTORNEY GENERAL OFFICE**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA** **JERRY BROWN, et.al.**
**450 GOLDEN GATE AVENUE**  **455 GOLDEN GATE AVENUE,STE.1100(**
**SAN FRANCISCO, CA. 94102**  **SAAN FRANCISCO, CA. 94102-3364**

EXECUTED ON __**July 50**__,____, 20 **08**  AT AVENAL STATE PRISON, AVENAL,CALIFORNIA

I, __**JAMES SEEGARS**_____ , DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAW

OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

*James Seegars*
SIGNATURE OF DECLARANT

**JAMES SEEGARS**_____
PRINT NAME OF DECLARANT

PRO PER.

EXHIBIT A

1

2

3

4

5 IN THE UNITED STATES DISTRICT COURT

6 FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8 JAMES SEEGARS,                              )   No. C 07-3139 MJJ (PR)
                                             )
9            Petitioner,                     )   **ORDER OF DISMISSAL**
                                             )
10 v.                                         )
                                             )
11 SUZAN HUBBARD,                             )
                                             )
12            Respondent.                     )
                                             )
   _____           )
13

14       Petitioner, a California prisoner, filed this pro se habeas corpus petition pursuant to 28

15 U.S.C. § 2254 challenging a 1989 conviction and sentence from Santa Clara County Superior

16 Court.  Petitioner states that a "petition, appeal or other post-conviction proceeding" is "now

17 pending" in the California Supreme Court.  See Petition at 5.

18       The exhaustion requirement applicable to federal habeas petitions is not satisfied if

19 there is a pending post-conviction proceeding in state court.  See 28 U.S.C. § 2254(b)-(c);

20 Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983).  If a post-conviction challenge to a

21 criminal conviction is pending in state court, a potential federal habeas petitioner must await

22 the outcome of the challenge before his state remedies are considered exhausted.  See id.

23 Moreover, the rule in Sherwood applies whether or not the issue raised in the pending state

24 petition is included in the federal petition because a pending state court challenge may result

25 in the reversal of the petitioner's conviction, thereby mooting the federal petition.  See id.

26 (citations omitted).

27       As petitioner has a post-conviction proceeding pending in the California Supreme

28 Court, the instant petition for a writ of habeas corpus is DISMISSED without prejudice to

refiling once all state court post-conviction challenges to petitioner's conviction and sentence

*United States District Court*
*For the Northern District of California*

1  have been completed, and all claims petitioner wishes to raise in federal court have been

2  presented to the California Supreme Court. See 28 U.S.C. § 2254(b)-(c); Rose v. Lundy, 455

3  U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be

4  exhausted).

5      The Clerk shall close the file and terminate any pending motions.

6      IT IS SO ORDERED.

7  DATED:   7/31/2007

8                               MARTIN J. JENKINS
                              United States District Judge

United States District Court
For the Northern District of California

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES SEEGARS,

        Plaintiff,

  v.

SUZAN HUBBARD et al,

        Defendant.

_____/

Case Number: CV07-03139 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 31, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Seegars
Prisoner Id E-16635
P.O. Box 2500
Vacaville, CA 95696-2500

Dated: July 31, 2007

Richard W. Wieking, Clerk
By: Edward Butler, Deputy Clerk

United States District Court
For the Northern District of California

1
2
3
4                    IN THE UNITED STATES DISTRICT COURT
5                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
6
7    JAMES SEEGARS,                    )    No. C 07-3139 MJJ (PR)
                                       )
8              Petitioner,             )    **ORDER OF DENYING**
                                       )    **CERTIFICATE OF**
9    v.                                )    **APPEALABILITY**
                                       )
10   SUZAN HUBBARD,                    )
                                       )    (Docket No. 7)
11             Respondent.             )
     ─────────────────────────────    )
12
13        Petitioner, a California state prisoner, filed this pro se petition for a writ of habeas
14   corpus pursuant to 28 U.S.C. § 2254.  The petition was dismissed, and petitioner has filed a
15   notice of appeal and a request for a certificate of appealability pursuant to 28 U.S.C. §
16   2253(c) and Federal Rule of Appellate Procedure 22(b).  See United States v. Asrar, 116
17   F.3d 1268, 1270 (9th Cir. 1997).  Petitioner has not shown "that jurists of reason would find
18   it debatable whether the petition states a valid claim of the denial of a constitutional right
19   and that jurists of reason would find it debatable whether the district court was correct in its
20   procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Accordingly, the request
21   for a certificate of appealability is DENIED.  The Clerk shall forward this order, along with
22   the case file, to the United States Court of Appeals for the Ninth Circuit, from which
23   petitioner also may seek a certificate of appealability.  See Asrar, 116 F.3d at 1270.
24        This order terminates Docket No. 7.
25        IT IS SO ORDERED.
26   DATED: 11/7/2007
27                                          _____
                                            MARTIN J. JENKINS
28                                          United States District Judge

     G:\PRO-SE\MJJ\HC.07\seegars.dsm.wpd

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES SEEGARS,

               Plaintiff,

   v.

SUZAN HUBBARD et al,

               Defendant.

_____/

Case Number: CV07-03139 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 8, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Seegars
Prisoner Id E-16635
P.O. Box 2500
Vacaville, CA 95696-2500

Dated: November 8, 2007

Richard W. Wieking, Clerk
By: R.B. Espinosa, Deputy Clerk

APPEAL, CLOSED, E-Filing, HABEAS, ProSe

## U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:07-cv-03139-MJJ
### Internal Use Only

| | |
|---|---|
| Seegars v. Hubbard | Date Filed: 06/14/2007 |
| Assigned to: Hon. Martin J. Jenkins | Date Terminated: 07/31/2007 |
| Cause: 28:2254 Petition for Writ of Habeas Corpus (State) | Jury Demand: None |
| | Nature of Suit: 530 Habeas Corpus (General) |
| | Jurisdiction: Federal Question |

**Petitioner**

**James Seegars**                             represented by **James Seegars**
                                                               Prisoner Id E-16635
                                                               P.O. Box 2500
                                                               Vacaville, CA 95696-2500
                                                               PRO SE

V.

**Respondent**

**Suzan Hubbard**
*Warden*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/14/2007 | 1 | PETITION for Writ of Habeas Corpus; no process (Filing fee: IFPP). Filed by James Seegars. (slh, COURT STAFF) (Filed on 6/14/2007) (Entered: 06/15/2007) |
| 06/14/2007 | 2 | CLERK'S NOTICE re completion of In Forma Pauperis affidavit or payment of filing fee due within 30 days. (slh, COURT STAFF) (Filed on 6/14/2007) (Entered: 06/15/2007) |
| 06/14/2007 |  | CASE DESIGNATED for Electronic Filing. (slh, COURT STAFF) (Filed on 6/14/2007) (Entered: 06/15/2007) |
| 06/22/2007 |  | Receipt of $5.00 for filing fee. #34611007620 (gsa, COURT STAFF) (Filed on 6/22/2007) (Entered: 06/29/2007) |
| 07/31/2007 | 3 | ORDER DISMISSING CASE - Petition for a writ of habeas corpus is DISMISSED without prejudice to refiling once all state court post-conviction challenges to petitioner's conviction and sentence have been completed. Signed by Judge Martin J. Jenkins on 7/31/07. (Attachments: # 1 Certificate of Service)(epb, COURT STAFF) (Filed on 7/31/2007) |

| | | (Entered: 07/31/2007) |
|---|---|---|
| 08/17/2007 | ⊙4 | NOTICE OF OBJECTION to 3 Order Dismissing Case by James Seegars. (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/23/2007) |
| 09/12/2007 | ⊙5 | ORDER DENYING MOTION OBJECTING TO DISMISSAL. Signed by Judge Martin J. Jenkins on 9/12/07. (Attachments: # 1 Certificate of Service)(aaa, Court Staff) (Filed on 9/12/2007) (Entered: 09/12/2007) |
| 10/22/2007 | ⊙6 | NOTICE OF APPEAL as to 5 Order by James Seegars. Filing fee not paid. (slh, COURT STAFF) (Filed on 10/22/2007) (Entered: 10/24/2007) |
| 10/22/2007 | ⊙7 | MOTION for Certificate of Appealability filed by James Seegars. (slh, COURT STAFF) (Filed on 10/22/2007) (Entered: 10/24/2007) |
| 11/08/2007 | ⊙8 | ORDER by Judge Martin J. Jenkins denying [7] Motion for Certificate of Appealability. (Attachments: # 1 Certificate of Service) (rbe, COURT STAFF) (Filed on 11/8/2007) (Entered: 11/08/2007) |
| 11/08/2007 | ⊙ | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re [6] Notice of Appeal. (slh, COURT STAFF) (Filed on 11/8/2007) (Entered: 11/14/2007) |
| 11/08/2007 | ⊙ | Copy of Notice of Appeal and Docket sheet mailed to all counsel. (slh, COURT STAFF) (Filed on 11/8/07) (Entered: 11/14/2007) |
| 11/08/2007 | ⊙ | Certificate of Record Mailed to USCA re appeal [6] Notice of Appeal. (slh, COURT STAFF) (Filed on 11/8/07) (Entered: 11/14/2007) |
| 11/08/2007 | ⊙ | Mailed request for payment of docket fee to appellant (cc to USCA) (slh, COURT STAFF) (Filed on 11/8/07) (Entered: 11/14/2007) |
| 11/08/2007 | ⊙ | Record on Appeal Certified and Transmitted to US Court of Appeals re [6] Notice of Appeal. (slh, COURT STAFF) (Filed on 11/8/07) (Entered: 11/14/2007) |

EXHIBIT B

S151564

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

In re JAMES SEEGARS on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

MAY - 9 2007

Frederick K. Ohlrich Clerk

DEPUTY

GEORGE
_____
Chief Justice

EXHIBIT C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FILED**

MAR 0 1 2007

KIRI TORRE
Chief Executive Officer
Superior Court of CA County of Santa Clara
BY _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

In re                                          )
                                               )    No.: 121948
    JAMES SEEGARS,                         )
                                               )    ORDER
On Habeas Corpus                               )
                                               )
                                               )

    Mr. SEEGARS, (hereinafter Petitioner,) has filed a habeas corpus petition in which he seeks relief based on the United States Supreme Court's holding, in *Cunningham v. California* (2007) 75 U.S.L.W. 4078, that *Blakely v. Washington* (2004) 542 U.S. 296 applies to California's sentencing practices.  However Petitioner's case was final prior to June 24, 2004, (the date *Blakely* was decided) and the *Blakely* rule is not retroactive.  (See *In re Consiglio* (2005) 128 Cal.App.4th 511, *People v. Amons* (2005) 125 Cal.App.4th 855, 864-865, and *Schardt v. Payne* (2005, 9th Circuit) 414 F.3d 1025.)  Accordingly, all requested relief or action is denied.

DATED: _March 1_____, 2007

                            LINDA R. CONDRON
                            JUDGE OF THE SUPERIOR COURT

cc:  Petitioner
     District Attorney
     Research (2-16A)
     CJIC

1

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SANTA CLARA

**PEOPLE OF THE STATE OF CALIFORNIA** )
                               Plaintiff, )
                                         )       **CASE NO: 121948**
               VS.                        )
                                         )
                                         )
**James Seegars,**                            )
                              Petitioner . )

PROOF OF SERVICE BY MAIL OF: ORDER

CLERKS CERTIFICATE OF MAILING;

I CERTIFY THAT I AM NOT A PARTY TO THIS CAUSE AND THAT A TRUE COPY OF THIS DOCUMENT WAS MAILED FIRST CLASS POSTAGE PREPAID IN A SEALED ENVELOPE ADDRESSED AS SHOWN BELOW AND THE DOCUMENT WAS MAILED AT SAN JOSE, CALIFORNIA ON <u>March 1, 2007</u>

Dated: <u>March 1, 2007</u>

                                            KIRRI TORRE
                                            County Clerk

                                            By: _____
                                               Lydia Gonzalez

James Seegars CDC # E-16635
P.O. Box 2500
Vacaville, CA 95696-2500
Y1030

                                   District Attorney
                                   70 West Hedding Street
                                   San Jose, Ca 95110
                                   (placed in inter-office box)

Research Attorney's/Hall of Justice
190 W. Hedding Street
San Jose, CA 95110
(placed in inter-office box)

                                   CJIC/Hall of Justice
                                   190 W. Hedding Street
                                   San Jose, CA 95110
                                   (placed in inter-office box)

EXHIBIT D

(ENDORSED)

# FILED

OCT 2 4 2001

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court CA County of Santa Clara
JOSE OLIVAREZ _____ DEPUTY

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SANTA CLARA**

In re                                    )     No. 121948
                                         )
    **JAMES SEEGARS,**                   )     **AMENDED FINAL ORDER**
                                         )
On Habeas Corpus                         )
_____  )

JAMES SEEGARS (hereinafter "Petitioner") submitted to this court a petition for a writ of habeas corpus in which he asserted he was denied his right to appeal. This Court issued an order to show cause to explore the issues that Petitioner raised. The District Attorney filed a response, and Petitioner filed a traverse. This Court ordered an evidentiary hearing to explore the issues that Petitioner raised. Following the hearing, Petitioner's counsel and the District Attorney were ordered to conduct further briefing. The District Attorney has filed her further briefing, and Petitioner's counsel has filed further responsive briefing.

After careful consideration of the briefings of the parties and the evidence presented at the evidentiary hearing, this Court determines that Petitioner has not met his "burden of alleging and proving by a

1

preponderance of the evidence all of the facts" necessary to resolve the evidentiary disputes that this case presented. (In re Merkle (1960) 182 Cal.App.2d 46, 48.)

In his original petition, Mr. Seegars stated a *prima facie* case that between 1989 and 2000, he was incapacitated and unaware his attorney did not file a notice of appeal, that his attorney stated she would file a notice of appeal on his behalf, and but for her misconduct, he would have filed a notice of appeal himself.

The two primary factual disputes presented by the petition was whether Petitioner could adequately justify his delay in seeking relief through habeas corpus due to medical infirmities and whether he asked his trial attorney to file a notice of appeal on his behalf.

## I. STATEMENT OF FACTS

Based on the evidence presented by Petitioner and Respondent in their filings and at the evidentiary hearing, this Court makes the following findings of fact.

*Petitioner's Medical History*

On May 10, 1989, Petitioner was received at San Quentin following his sentencing on May 3, 1989. According to the information checklist completed at the time of admission, Petitioner's mental status was checked as normal with no psychiatric consult indicated.

On June 8, 1989 Petitioner was admitted to the hospital at San Quentin for psychiatric observation. The following information is contained in Petitioner's Exhibit D: Petitioner was admitted "In a decompensated psychotic state resembling a toxic delirium. For the

2

preceding month he had been fearful and talking to others unseen by his cell mate and was very fearful that they were trying to harm him." Petitioner was seen by a psychiatrist who prescribed Haldol on this same date. By June 14, 1989, Petitioner's symptoms had cleared. The psychosis was considered to be in remission and he was discharged from the hospital with no psychotic symptoms. Petitioner was given a new diagnosis of "Acute Situational Adjustment."

According to medical records, Petitioner said he began to deteriorate when he received his sentence of 54 years. He stated that within 3 weeks of his sentencing, he began to hear voices. The medical records contain a statement by Petitioner that he told the screening doctor upon his admission to San Quentin he wished to see a psychiatrist, and his request was ignored.

On June 30, 1989, Dr. Morentz observed no psychiatric signs or symptoms. His diagnosis was Organic Psychosis Secondary to Street Drug Use which was in remission with medication. He recommended Petitioner be rejected for psychiatric treatment and be returned to the general population.

On July 20, 1989 and August 8, 1989, Petitioner again presented himself for psychiatric treatment and was rejected. Dr. Brichta indicated that she believed Petitioner may be faking.

August 30, 1989 Petitioner cut his arm "to let the raccoons out." Petitioner admitted he was not troubled and cut himself to be readmitted to CMF. The treating physician gave him a diagnosis of "Probable Adjustment Reaction."

Petitioner again presented himself for psychiatric treatment on

August 30, 1989. He complained of visual and auditory hallucinations.

Dr. Shelley James, staff psychiatrist at the State of California Department of Corrections Medical Facility at Vacaville, testified at the evidentiary hearing. Dr. James began treating Petitioner in 1993 (the date is not precise) and continued to treat him into 2000. Dr. James did not treat Petitioner when Petitioner first arrived at CMF, Vacaville. Dr. James' diagnosis of Petitioner has always been the same: ADHD, polysubstance abuse, and borderline intellectual functioning. Dr. James testified that borderline intellectual functioning is not subject to change, and, in Petitioner's case, it has not changed.

Dr. James took Petitioner off the psychiatric medications. Through 2000, Petitioner remained off of these medications while residing at CMF. Dr. James testified Petitioner was never psychotic while under his care. He also stated if Petitioner exhibited psychotic symptoms on June 14, 1989, those same symptoms should have been apparent on May 3, 1989, the day of sentencing. Ms. Trevino also testified there were no such symptoms.

From 1993 to 2000, Petitioner has remained off psychiatric medications. During this time, his diagnoses included ADHD, Polysubstance Abuse, Antisocial Personality Disorder, mildly retarded, borderline intellectual functioning, clear and rational, but slow in processing information, and impaired cognitive ability.

When shown samples of Petitioner's written communication with Ms. Trevino during his trial in 1989, Dr. James testified that, based on his experience with Petitioner, he would not have expected him to communicate on that level.

4

1    There was no evidence of a psychiatric disorder at the time of

2    trial and sentencing.  Ms. Trevino testified she saw no evidence of a

3    mental disorder and did not believe there were any grounds for a

4    psychiatric evaluation.  She never believed Petitioner was mentally

5    disabled, and none of her colleagues in the Public Defender's office,

6    who represented him before her, made mention of or noted in their office

7    file that Petitioner had any mental disorder issues.  According to

8    Petitioner, his symptoms began after sentencing.

9    *Petitioner's Communications with Trial Counsel Regarding His Notice of*
10   *Appeal*

11   At the time of sentencing, Ms. Trevino spoke to Petitioner and

12   explained his appellate rights to him and she even reminded the

13   sentencing judge to advise of his appellate rights.  After sentencing,

14   Ms. Trevino specifically asked Petitioner if he wanted her to file an

15   appeal on his behalf, and Petitioner told her clearly and emphatically

16   that he did not want her to do so.  She never received any further

17   communication from him.  Ms. Trevino testified she believed Petitioner

18   understood his right to an appeal, he understood she was willing to file

19   the notice of appeal, and he could request that she file one.  She

20   stated it would have been her practice to file the notice on the date of

21   sentencing.

22

23   Ms. Trevino also testified she saw no arguably meritorious grounds

24   for appeal. While Ms. Trevino could not recall this herself, Petitioner

25   testified that she did tell him that she believed that there were no

26   grounds to raise on appeal. However, Ms. Trevino did not remember

27   advising Petitioner to seek the advice of other counsel regarding her

28

1  competency at trial.

2  **II. PETITIONER HAS FAILED TO JUSTIFY HIS DELAY IN SEEKING HABEAS RELIEF.**

3  Denial of the right to effective assistance of counsel is one trial

4  error which is cognizable on collateral review whether or not it was

5  raised on appeal. (People v. Jackson (1973) 10 Cal.3d 265, 268, *citing*

6  In re Hochberg (1970) 2 Cal.3d 870, 875.)  However, any significant

7  delay in seeking collateral relief on this ground must be fully

8  justified. (Jackson, *supra*, 10 Cal.3d at 268, *citing* In re Wells (1967)

9  67 Cal.2d 873, 875.)

10

11  "It has long been required that a petitioner explain and justify

12  any significant delay in seeking habeas corpus relief. 'It is the

13  practice of this court to require that one who belatedly presents a

14  collateral attack such as this explain the delay in raising the

15  question.'" (In re Clark (1993) 5 Cal.4th 750, 765, *quoting* In re Swain

16  (1949) 34 Cal.2d 300, 302.) "The burden is one placed even on indigent

17  petitioners appearing in propria persona. . . ." (In re Clark, *supra*, 5

18  Cal.4th at 765.) A petition should be filed as promptly as the

19  circumstances allow, and the petitioner "must point to particular

20  circumstances sufficient to justify substantial delay." (In re

21  Stankewitz (1985) 40 Cal.3d 391, 397, fn.1.)

22

23  Despite Petitioner's claim in his original petition that he

24  suffered a serious psychiatric illness, was being treated with heavy

25  medication, and was unable to pursue his appeal between 1989 and 1994,

26  the evidence at the hearing only indicated that Petitioner, at worst,

27  suffered a psychiatric episode *once* in the month immediately following

28  his sentencing in May 1989.

6

The period subsequent to the 1989 psychiatric episode revealed only a pattern of lies Petitioner made to secure certain placements at CDC. In fact, at the evidentiary hearing, Petitioner admitted that he lied to secure such placements. He lied to be admitted to CMF and lied to remain there.   His lies resulted in some of the diagnoses he received. Moreover, even if Petitioner did become psychotic after sentencing, it was not apparent upon his admission to San Quentin. His psychosis cleared within 10 days, and it is questionable whether Petitioner ever suffered another psychotic episode. Petitioner admitted himself that he manufactured the psychotic episode involving raccoons in order to be readmitted to CMF. As stated before, Dr. James testified Petitioner was never psychotic while under his care.

Dr. Diana Sullivan Eversteine, a licensed psychologist testified on behalf of the Respondent.  She observed Petitioner during his testimony. It was her opinion Petitioner can analyze, think in the abstract, and has intelligence.   It was also her opinion Petitioner lies to achieve his goals.

Petitioner's admission and confinement at the medical facility with psychiatric treatment and medication were of his own choosing.  It was his desire to be removed from the general prison population because he was not comfortable in it.  He felt more secure at CMF.  The psychotic, borderline intellectually functioning individual presented to prison officials is not the same person who presented himself to Ms. Trevino and the attorneys who preceded her.

As a result, the evidence overwhelmingly indicates that Petitioner was not so mentally debilitated that he could not diligently pursue an

1  appeal. More importantly, Petitioner admitted to falsifying his symptoms

2  to gain placement at CMF. Thus, by Petitioner's own admission, he was

3  falsely claiming mental illness.

4      Petitioner has failed to adequately justify his delay in seeking

5  relief.

6  **III. PETITIONER'S CLAIM THAT HE ASKED HIS TRIAL COUNSEL TO FILE A NOTICE**

7  **OF APPEAL IS NOT CREDIBLE.**

8      Even assuming that Petitioner has justified his delay in seeking

9  relief, he still has not met his burden of showing he communicated his

10 desire to pursue an appeal with his trial attorney and that his trial

11 attorney did not honor that request.

12     At the evidentiary hearing, Ms. Trevino clearly remembered that

13 Petitioner told her, in no unclear terms, that he did not want her to

14 file an appeal or work on the case any further. In contrast, the only

15 evidence to the contrary was Petitioner's own testimony at the

16 evidentiary hearing. His testimony, however, was not particularly

17 credible.

18

19     Petitioner admitted to lying repeatedly to secure placement at

20 facilities of his preference. Dr. Eversteine opined that Petitioner lies

21 to achieve his goals. Petitioner's credibility was seriously impaired by

22 his own testimony.

23     As a result, Petitioner has failed to credibly discredit his trial

24 attorney's claim that Petitioner never asked her to pursue an appeal.

25 The evidence suggests that Petitioner's credibility, and not Ms.

26 Trevino's credibility, is questionable. Moreover, Petitioner has failed

27 to rebut Ms. Trevino's testimony that she believed that there were no

28

1  arguably meritorious issues to be raised on appeal.

2      In addition, Petitioner argues that his right to appeal was

3  thwarted by Ms. Trevino's failure to advise him to seek outside

4  counsel's advice regarding her competency at trial. However, the mere

5  failure to fully advise and consult is not *per se* constitutional error

6  according to the U.S. Supreme Court:

7

8      "We cannot say, as a constitutional matter, that in every case
       counsel's failure to consult with the defendant about an
       appeal is necessarily unreasonable, and therefore deficient.

9      Such a holding would be inconsistent with both our decision in
       Strickland and common sense. See 466 U.S. at 689 (rejecting

10     mechanistic rules governing what counsel must do). For
       example, suppose that a defendant consults with counsel;

11     counsel advises the defendant that a guilty plea probably will
       lead to a 2 year sentence; the defendant expresses

12     satisfaction and pleads guilty; the court sentences the
       defendant to 2 years' imprisonment as expected and informs the

13     defendant of his appeal rights; the defendant does not express
       any interest in appealing, and counsel concludes that there

14     are no nonfrivolous grounds for appeal. Under these
       circumstances, it would be difficult to say that counsel is

15     "professionally unreasonable," 466 U.S. at 691, as a
       constitutional matter, in not consulting with such a defendant

16     regarding an appeal. Or, for example, suppose a sentencing
       court's instructions to a defendant about his appeal rights in

17     a particular case are so clear and informative as to
       substitute for counsel's duty to consult. In some cases,

18     counsel might then reasonably decide that he need not repeat
       that information. *We therefore reject a bright-line rule that*

19     *counsel must always consult with the defendant regarding an*
       *appeal.*" (Roe v. Flores-Ortega (2000) 528 U.S. 470, 479,

20     *citing* Strickland v. Washington (1984) 466 U.S. 668.)

21

22      In the absence of any showing of prejudice, the Court finds no

23  misconduct by Ms. Trevino, and Petitioner's claim of ineffective

24  assistance of counsel has no merit.

25

26      Accordingly, the petition is DENIED.

27

28

9

["

EXHIBIT E

E 16435
CMF

COPY

(ENDORSED)

FILED

JUL 13 1980

GRACE K. YAMAKAWA
County Clerk
Santa Clara County

BY_____
DEPUTY

E-16435
59/16
389x/94

1

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) ) ) |
| PLAINTIFF, | ) ) |
| VS. | ) ) |
| JAMIE C. SEEGARS, | ) ) |
| DEFENDANT. | ) ) |

NO. 121948

REPORTER'S TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE JACK KOMAR

JUDGE OF THE SUPERIOR COURT

MAY 3, 1989

SENTENCING

APPEARANCES:

FOR THE PLAINTIFF:            RICHARD TITUS
                             DEPUTY DISTRICT ATTORNEY

FOR THE DEFENDANT:           YOLANDA TREVINO
                             DEPUTY PUBLIC DEFENDER

2

SAN JOSE, CALIFORNIA                                    MAY 3, 1989

P R O C E E D I N G S

THE COURT:  ALL RIGHT.  PEOPLE OF THE STATE
OF CALIFORNIA VERSUS JAMES SEEGARS.

MS. TREVINO:  MR. SEEGARS IS PRESENT
REPRESENTED BY YOLANDA TREVINO.

MR. TITUS:  RICHARD TITUS.

MS. TREVINO:  MATTER IS SET FOR SENTENCING,
YOUR HONOR.  WE ARE PREPARED TO GO FORWARD.

THE COURT:  ALL RIGHT.  THIS IS THE TIME SET
FOR SENTENCING IN THIS MATTER.  READY TO PROCEED, BOTH
SIDES?

MS. TREVINO:  YES, YOUR HONOR.

MR. TITUS:  YES, YOUR HONOR.

THE COURT:  ALL RIGHT.  DO YOU WAIVE FORMAL
ARRAIGNMENT FOR JUDGMENT AND SENTENCING IN THIS CASE?

MS. TREVINO:  SO WAIVED, YOUR HONOR.

THE COURT:  DO YOU WAIVE THE FIVE-DAY RULE
WITH REGARD TO RECEIPT OF THE PROBATION REPORT?

MS. TREVINO:  YES, YOUR HONOR.

THE COURT:  ANY LEGAL CAUSE WHY JUDGMENT AND
SENTENCE SHOULD NOT NOW BE PRONOUNCED?

MS. TREVINO:  THERE IS NONE.

THE COURT:  ALL RIGHT.  THE RECORD SHOULD
REFLECT THAT THE COURT HAS VERY CAREFULLY READ AND
CONSIDERED THE PROBATION REPORT.  THERE ARE MANY FACTUAL

00112

3

1    ERRORS SET FORTH IN THE SUMMARY OF THE OFFENSE.

2        TO THE EXTENT THAT THE REPORT COPIES THE

3    POLICE REPORTS, AND THE EVIDENCE WAS SOMEWHAT DIFFERENT AS

4    IT WAS PRESENTED IN OPEN COURT AND THE RECORD WILL SHOW I

5    OF COURSE, HAVE HEARD THE EVIDENCE IN THIS CASE AND HEARD

6    THE WITNESSES TESTIFY AND AM FAMILIAR WITH THE FACTS IN

7    THIS CASE.

8        I HAVE CAREFULLY CONSIDERED THE

9    RECOMMENDATION, THE STATEMENTS IN AGGRAVATION, AND

10   MITIGATION THAT HAVE BEEN FILED BY THE PROBATION

11   DEPARTMENT WITH REGARD TO THE MATTER.

12       I NOTE THERE ARE NO OTHER STATEMENTS IN

13   MITIGATION OR AGGRAVATION THAT HAVE BEEN FILED.

14       MISS TREVINO, IS THERE ANYTHING FURTHER YOU

15   WOULD LIKE TO STATE TO THE COURT AT THIS TIME?

16       MS. TREVINO:  IF I MAY, YOUR HONOR, VERY

17   BRIEFLY, AD I BELIEVE THAT MR. SEEGARS WOULD ALSO LIKE TO

18   ADDRESS THE COURT FOLLOWING MYSELF.

19       YOUR HONOR, IN REVIEWING THE POLICE REPORT

20   BOTH WITH THE COURT IN CHAMBERS AND WITH MY CLIENT I WOULD

21   ASK THE COURT AT THIS TIME TO SENTENCE MY CLIENT TO A

22   SENTENCE THAT IS A FAIR REFLECTION AS TO THE CHARGES

23   BEFORE THE COURT.

24       AS THE COURT SPOKE AND SAID THAT THE COURT

25   DID HEAR WHAT TRANSPIRED HERE DURING THE COURSE OF THE

26   TRIAL.

27       AND THERE IS NUMEROUS CHARGES HERE BEFORE THE

28   COURT.

00113

4

1              THOSE CHARGES CAN AND DO ADD UP TO

2 SUBSTANTIAL AMOUNT OF TIME.

3              AND THE QUESTION IS HOW MUCH OF THAT TIME

4 SHOULD MR. SEEGARS BE SENTENCED TO AND HOW MUCH OF THAT

5 TIME WOULD BE A FAIR TIME, BOTH AS THE LAW -- AS THE COURT

6 KNOWS THE LAW, THE PUBLIC AND THAT TO MR. SEEGARS, THE

7 DEFENDANT IN THIS CASE.

8              IN SPEAKING WITH MR. SEEGARS I ADVISED MR.

9 SEEGARS AS TO THE MAXIMUM CONSEQUENCES TO THE CHARGES BOTH

10 PRIOR TO THE TRIAL AND TODAY'S DATE PRIOR TO HIS

11 SENTENCING SO HE'S QUITE AWARE AS TO THE NUMBER OF YEARS

12 THAT THE COURT CAN, IN FACT, IMPOSE ON MR. SEEGARS.

13              IN VIEWING THE COUNTS AGAIN WITH HIM WE HAVE

14 ARRIVED AT A RECOMMENDATION FOR THE COURT WHICH DIFFERS

15 FROM THE RECOMMENDATION SET FORTH BY THE PROBATION REPORT.

16              IT WOULD BE OUR REQUEST THAT THE COURT

17 SENTENCE MR. SEEGARS TO 40 YEARS.  40 YEARS, YOUR HONOR,

18 IS QUITE A HEAVY SENTENCE AND IT TOOK A LOT OF TIME AND

19 CONCENTRATION IN EVALUATION OF THIS CASE FOR ME TO ARRIVE

20 AT SUCH A FIGURE.

21              I THINK THAT 40 YEARS REFLECTS A SUBSTANTIAL

22 AMOUNT OF TIME FOR AN INDIVIDUAL TO BE INCARCERATED IN

23 PRISON.

24              AND IT -- IT'S DIFFICULT FOR ME TO TELL THE

25 JUDGE OR TO ASK THE JUDGE TO SENTENCE A PERSON AND TO LOCK

26 HIM AWAY FOR 40 YEARS.

27              HOWEVER, THAT IS MY REQUEST.

28              IT WOULD BE MY REQUEST THAT THIS JUDGE

5

1   SENTENCE HIM ON COUNTS 4, 5, 6 AND 8 AS IS RECOMMENDED BY

2   THE PROBATION REPORT WHICH INCLUDING THE FIVE YEAR STATE

3   PRISON -- OR THE PROP 8 PRIOR WHICH WOULD AMOUNT TO 8 --

4   EXCUSE ME -- WHICH WOULD AMOUNT TO 40 YEARS.

5           IT WOULD BE MY FURTHER REQUEST THAT THE

6   ADDITIONAL COUNTS RUN CONCURRENT TO THAT 40 YEARS.

7           AND BASED ON THAT I WOULD SUBMIT THE MATTER,

8   YOUR HONOR.

9           THE COURT:  ALL RIGHT.  BEFORE I HEAR FROM

10  MR. SEEGARS, MR. TITUS.

11          MR. TITUS:  I WILL SUBMIT THE MATTER ON MY

12  COMMENTS IN CHAMBERS, YOUR HONOR.

13          THE COURT:  ALL RIGHT.

14          MR. SEEGARS, IS THERE ANYTHING YOU WOULD LIKE

15  TO SAY TO THE COURT?

16          YOU CAN REMAIN SEATED.

17          THE DEFENDANT:  SIR, YOUR HONOR, I HAD -- FOR

18  THE PAST THREE WEEKS I HAVE BEEN LIKE FIGURING OUT

19  SOMETHING TO SAY OR WRITE SOMETHING THAT I COULD SAY THAT

20  MIGHT BE IN MY FAVOR AS FAR AS MY SENTENCING GOES BUT I

21  REALLY HAVEN'T COME UP WITH NOTHING BUT I WOULD LIKE TO

22  SAY IN THE BEGINNING OF THIS TRIAL I HEARD A LOT OF

23  NEGATIVE THINGS ABOUT YOU AND THE WAY YOU HANDLED THINGS

24  WHICH I LATER COME TO FIND OUT IT WASN'T TRUE AND DUE TO

25  PROCEEDINGS YOU HAVE BEEN A FAIR -- FAIR TO BOTH SIDES AND

26  OTHER THAN THAT, YOU KNOW, I JUST SAY I -- YOU KNOW --

27  STILL RETAIN THAT SAME FAIRNESS IN THE SENTENCING YOU

28  IMPOSE ON ME TODAY.

00115

6

1   THAT'S ALL I HAVE TO SAY.

2   THE COURT:  ALL RIGHT, MR. SEEGARS.

3   THE PROBLEM THAT I -- THAT I AM CONFRONTED

4   WITH IN THIS CASE IS THAT I BELIEVE, MR. SEEGARS, YOU

5   CANNOT CONTROL YOUR BEHAVIOR AND BECAUSE YOU CANNOT

6   CONTROL YOUR BEHAVIOR I THINK YOU ARE A GREAT DANGER TO

7   SOCIETY AND PERHAPS TO YOURSELF.

8   AND THAT TROUBLES ME A GREAT DEAL BECAUSE THE

9   DIFFICULTY IS YOU OBVIOUSLY HAVE SOME INHERENT

10  INTELLIGENCE.

11  YOU'VE RECEIVED 14 YEARS OF EDUCATION.

12  YOU'VE HAD SOME GOOD OPPORTUNITIES TO DO SOME

13  THINGS FOR YOURSELF BUT YOU CONTINUE TO REPEAT THE KIND OF

14  CONDUCT THAT HAS CONTINUALLY GOTTEN YOU INTO TROUBLE.

15  AND AS I LOOK BACK AT YOUR PREVIOUS

16  CONVICTIONS FOR WHICH YOU WERE SENTENCED TO PRISON IT

17  SEEMS TO ME THAT IT'S BASICALLY MORE OF THE SAME.

18  AND THAT TYPE OF CONDUCT IS DANGEROUS.

19  IT IS THREATENING TO SOCIETY AND PEOPLE

20  WITHIN SOCIETY AND YOU'VE DEMONSTRATED, UNFORTUNATELY, AND

21  SADLY, THAT YOU'RE NOT REALLY CAPABLE OF CIRCULATING IN A

22  FREE SOCIETY WITHOUT CAUSING DANGER OR INJURY TO OTHER

23  PEOPLE.

24  AND THE SENTENCE THAT I'M GOING TO IMPOSE IN

25  THIS CASE, AND I'M SURE YOUR ATTORNEY HAS TOLD YOU WHAT

26  I'M INCLINED TOO DO, IS BEING DONE WITH THAT IN MIND AND

27  I -- I DO IT WITH A LOT OF REGRET IN A SENSE BECAUSE I

28  DON'T LIKE TO TAKE A HUMAN BEING AND CONFINE THAT PERSON

00116

7

1    FOR AS LONG AS I FEEL I HAVE TO CONFINE YOU IN ORDER TO

2    PROTECT SOCIETY'S INTEREST IN THIS CASE.

3            ALL RIGHT.  I'M GOING TO DENY PROBATION IN

4    THIS CASE.

5            THE REASONS ARE THE DEFENDANT'S PRISON

6    HISTORY, HIS CRIMES OF A CONTINUINGLY SERIOUS NATURE.

7            I FIND THAT MR. SEEGARS IS A DANGER TO

8    SOCIETY AND THERE WAS A VULNERABLE VICTIM, TWO VULNERABLE

9    VICTIMS.  HE INFLICTED PAIN AND SUFFERING ON EACH OF THEM

10   AND HIS INABILITY TO CONFORM HIS BEHAVIOR TO THE STANDARD

11   REQUIRED BY A SOCIETY AND WHICH SOCIETY HAS A RIGHT TO

12   REQUIRE.

13           ALL OF THOSE REASONS JUSTIFY A DENIAL OF

14   PROBATION AND I DO DENY PROBATION ON THAT GROUND.

15           MOREOVER, THE COURT IS GOING TO ELECT TO

16   IMPOSE CONSECUTIVE SENTENCES IN THIS CASE BECAUSE THE

17   MULTIPLE VICTIMS, SEPARATE ACTS OF VIOLENCE, THE THREATS

18   AGAINST EACH OF THE VICTIMS.  THESE INCIDENCES OCCURRED IN

19   DIFFERENT PLACES AND AT DIFFERENT TIMES.

20           THE CONVICTIONS WERE NUMEROUS AND THE

21   DEFENDANT HAS ENGAGED IN A PATTERN OF VIOLENT CONDUCT.

22           I AM GOING TO ELECT TO SENTENCE THE DEFENDANT

23   TO THE EXTENT THAT I'M GOING TO BE INDICATING IN A MOMENT

24   PURSUANT TO PENAL CODE SECTION 667.6(C) BECAUSE OF THE

25   DANGER TO THE PUBLIC IN WHICH -- AND WHICH REQUIRES THAT

26   THE DEFENDANT BE CONFINED AND NOT BE PERMITTED TO BE FREE

27   IN SOCIETY FOR A PERIOD OF TIME SUFFICIENT TO INSURE THAT

28   HE IS NO LONGER A DANGER TO SOCIETY.

00117

8

1      MR. SEEGARS HAS NOT EXPRESSED ANY REMORSE IN
2 THIS CASE BUT I THINK THERE IS REMORSE WITHIN HIM FOR WHAT
3 HE HAS DONE BUT I THINK IN SPITE OF WHAT I PERCEIVE WITHIN
4 MR. SEEGARS HE IS UNABLE TO CONFORM HIS BEHAVIOR TO THE
5 STANDARD SOCIETY HAS A RIGHT TO EXPECT.
6      THEREFORE, IT IS THE JUDGMENT AND SENTENCE OF
7 THIS COURT FOR A VIOLATION OF PENAL CODE SECTION 211 DASH
8 212.5-B. AS ALLEGED AND CONTAINED WITHIN COUNT TWO OF THE
9 INFORMATION THAT THE DEFENDANT BE SENTENCED TO PRISON FOR
10 A PERIOD OF FIVE YEARS.
11      I AM PICKING THE AGGRAVATED TERM IN THIS CASE
12 BASED UPON THE VICTIM'S VULNERABILITY, PREDATORY NATURE OF
13 THE ATTACK ON THE VICTIM, THE DANGER THE DEFENDANT IS TO
14 SOCIETY AND REPETITIVE NATURE OF HIS OFFENSES. THESE ARE
15 THE SAME KINDS OF CONDUCT FOR WHICH HE WAS PREVIOUSLY
16 CONVICTED AND SENTENCED TO PRISON. THEREFORE, I DO SELECT
17 FIVE YEARS.
18      I FIND NO FACTORS IN MITIGATION IN CONNECTION
19 WITH THIS OFFENSE.
20      I'M GOING TO -- FOR THE REASONS STATED --
21 IMPOSE THE CONSECUTIVE SENTENCE AS TO COUNT 11.
22      I'M GOING TO FOR -- FOR A VIOLATION OF PENAL
23 CODE SECTION 664 DASH 2612 ATTEMPTED RAPE, AS CONTAINED
24 WITHIN COUNT 11, IMPOSE THE AGGRAVATED TERM OF FOUR YEARS.
25      I'M GOING TO STAY ALL BUT ONE-THIRD OF THE
26 MIDTERM. THREE YEARS ARE STAYED. ONE YEAR CONSECUTIVE.
27 THEREFORE, A TOTAL OF FOUR YEARS -- I'M SORRY -- A TOTAL
28 OF SIX YEARS FOR COUNTS TWO AND 11.

00118

1    I'M GOING TO FIND COUNT THREE, VIOLATION OF

2    SECTION 236/237 OF THE PENAL CODE, FALSE IMPRISONMENT

3    FALSE WITHIN THE LIMITATIONS CONTAINED WITHIN PENAL CODE

4    SECTION 654, AND I'M GOING TO STAY EXECUTION OF SENTENCE

5    IN THAT MATTER IN VIEW OF THE SENTENCE AS TO COUNT TWO.

6    I'M GOING TO -- AS TO COUNT SEVEN, SENTENCE

7    DEFENDANT UNDER 1170.1, SO FOR A VIOLATION OF PENAL CODE

8    SECTION 288(A)(C) AS ALLEGED AND CONTAINED WITHIN COUNT 7,

9    I'M GOING TO SENTENCE THE DEFENDANT TO THE AGGRAVATED TERM

10    OF EIGHT YEARS.

11    I AM GOING TO MAKE THAT CONCURRENT WITH THE

12    TIME CONTAINED WITHIN COUNTS TWO AND ELEVEN, CONCURRENT.

13    AS TO COUNT NINE, AGAIN, I'M GOING TO

14    SENTENCE THE DEFENDANT -- STRIKE THAT.

15    AS TO COUNT TEN I'M GOING TO SENTENCE THE

16    DEFENDANT PURSUANT TO 1170.1, TO THE AGGRAVATED TERM OF

17    EIGHT YEARS FOR A VIOLATION OF SECTION 289-A. OF THE PENAL

18    CODE.  THAT WILL BE CONCURRENT WITH THE TIME IN COUNTS TWO

19    AND ELEVEN PURSUANT TO 1170.1.

20    THE REASON I'M DOING THAT AS TO COUNTS SEVEN

21    AND TEN, IS BECAUSE THOSE TWO COUNTS SEEM TO ME TO BE

22    RELATED CLOSELY TRANSACTIONALLY TO OTHER COUNTS THAT I'M

23    GOING TO IMPOSE AN AGGRAVATED TERM UNDER 667.6.

24    AND IN ADDITION TO THAT IT PERMITS THE COURT

25    TO ARRIVE AT A TOTAL NUMBER OF YEARS THE COURT DEEMS TO BE

26    APPROPRIATE IN THIS CASE.

27    PURSUANT TO PENAL CODE SECTION 667.6(C), IT

28    IS THE JUDGMENT AND SENTENCE OF THIS COURT FOR A VIOLATION

10

1    OF PENAL CODE SECTION 288(A)(C) AS CONTAINED WITHIN COUNT

2    FOUR THE DEFENDANT BE SENTENCED TO PRISON FOR A PERIOD OF

3    EIGHT YEARS.

4              MOREOVER, THE DEFENDANT SHALL SERVE

5    CONSECUTIVELY PURSUANT TO 667.6(C), AN ADDITIONAL THREE

6    YEARS FOR A VIOLATION OF PENAL CODE SECTION 667.8(A),

7    KIDNAPPING AS ALLEGED IN CONNECTION WITH COUNT FOUR.

8              CONSECUTIVE THERETO THE DEFENDANT SHALL SERVE

9    EIGHT YEARS FOR A VIOLATION OF PENAL CODE SECTION

10   288(A)(C). AS CONTAINED WITHIN COUNT FIVE, CONSECUTIVELY.

11             FOR A VIOLATION OF PENAL CODE SECTION

12   288(A)(C). AS CONTAINED WITHIN COUNT SIX OF THE

13   INFORMATION, DEFENDANT SHALL SERVE EIGHT YEARS

14   CONSECUTIVELY.

15             FOR A VIOLATION OF PENAL CODE SECTION

16   288(A)(C). AS CONTAINED WITHIN COUNT EIGHT DEFENDANT SHALL

17   SERVE CONSECUTIVELY EIGHT YEARS.

18             FOR A VIOLATION OF PENAL CODE SECTION 289(A)

19   AS CONTAINED WITHIN COUNT NINE THE DEFENDANT SHALL SERVE

20   CONSECUTIVELY A PERIOD OF EIGHT YEARS IN THE STATE PRISON.

21             IN ADDITION THE DEFENDANT HAVING BEEN

22   PREVIOUSLY CONVICTED OF A FELONY, TO WIT; ROBBERY AS

23   ALLEGED AND FOUND TO BE TRUE WITHIN THE MEANING OF

24   SECTIONS 667-1192.7 OF THE PENAL CODE THE DEFENDANT

25   ORDERED TO SERVE ADDITIONAL FIVE YEARS CONSECUTIVE TO THE

26   TERM SERVED.

27             THEREFORE, THE TOTALS ON THIS SENTENCE ARE AS

28   FOLLOWS.

00120

1          PURSUANT TO 1170.1 A TOTAL TERM OF SIX YEARS.

2          PURSUANT TO PENAL CODE SECTION 667.6(C) A

3    TOTAL TERM OF 43 YEARS.

4          FIVE YEARS FOR THE PRIOR. TOTAL OF 54 YEARS.

5          IS THAT CORRECT?

6          THE PROBATION OFFICER: YOUR HONOR, I'M

7    SORRY. I DIDN'T THINK ABOUT THIS EARLIER IN CHAMBERS. AS

8    SOON AS YOU TOOK TWO EIGHT-YEAR TERMS AND PUT THEM UNDER

9    170 THEY BECAME PRINCIPAL TERM UNDER 1170 AND EIGHT

10   YEARS -- ACTUALLY NINE -- EIGHT PLUS FIVE CONCURRENT PLUS

11   ONE CONSECUTIVE.

12         THE COURT: WHY DO THEY BECOME PRINCIPAL

13   TERM?

14         PROBATION OFFICER: BECAUSE THEY COVER THE

15   MOST --

16         THE COURT: I THINK RECENT CASE LAW ALTERS

17   THAT PRINCIPLE.

18         THERE IS A VERY RECENT CASE OUT OF THE FIFTH

19   DISTRICT THAT GIVES THE COURT THE DISCRETION TO SENTENCE

20   IN THIS TYPE OF CASE, I BELIEVE, AND MAKE THE PRINCIPAL

21   TERM THE LESSER OF THE OFFENSES.

22         THE PROBATION OFFICER: VERY GOOD.

23         THE COURT: THAT'S MY INTERPRETATION OF THE

24   LAW AND IT -- IT BASICALLY HOLDS THAT PEOPLE VERSUS

25   HIMMELSBACH, I BELIEVE IS THE THIRD DISTRICT CASE, IS NOT

26   NECESSARILY ACCURATE ON THESE FACTS.

27         IN ANY EVENT THAT'S GOING TO BE THE JUDGMENT

28   AND SENTENCE OF THE COURT.

DB  2-4-91

EXHIBIT F

# ABSTRACT OF JUDGMENT – COMMITMENT
## ATTACHMENT PAGE

FORM DSL 290-A

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara

COURT I.D. 43     BRANCH Levi Bldg.

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: James Charles Seegars
AKA: Jamie Charless Seegars
[X] PRESENT  [ ] NOT PRESENT

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT
[ ] AMENDED ABSTRACT
CASE NUMBER 121948

| DATE OF HEARING (MO)(DAY)(YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 05 03 89 | 9 | JACK KOMAR | J. BALLAH |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| H. GORLEY | R. TITUS | Y. TREVINO | J. GRUBBS |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:
ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR | MO | DAY | YEAR | CONVICTION BY | PRINCIPAL OR CONSECUTIVE TIME |  |
|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  | YEARS | MONTHS |
| 4 | PC | 288a(c) | Oral Copulation | 88 | 04 | 05 | 89 | X U | 8 | 00 |
| 5 | PC | 288a (c) | Oral Copulation | 88 | 04 | 05 | 89 | X U | 8 | 00 |
| 6 | PC | 288a (c) | Oral Copulation | 88 | 04 | 05 | 89 | X U | 8 | 00 |
| 8 | PC | 288a (c) | Oral Copulation | 88 | 04 | 05 | 89 | X U | 8 | 00 |
| 9 | PC | 289(a) | Pent. w/Foreign Objec | 88 | 04 | 05 | 89 | X U | 8 | 00 |

TOTAL 40 00

2. ENHANCEMENTS (CHARGED AND FOUND, STRICKEN, TIME IMPOSED):

| COUNT | 12022 (a) | 12022 (b) | 12022.3 (a) | 12022.3 (b) | 12022.5 | 12022.6 (a) | 12022.6 (b) | 12022.7 | 12022.8 |
|---|---|---|---|---|---|---|---|---|---|

TOTAL 00 00

TOTAL TIME IMPOSED ON THIS ATTACHMENT PAGE: ➤ 40 00

00110

ABSTRACT OF JUDGMENT — COMMITMENT

E 16635

FORM DSL 290

[S]UPERIOR COURT OF CALIFORNIA, COUNTY OF __santa clara__

COURT I.D.
4 3

BRANCH __levi bldg.__

CASE NUMBER(S)

[P]EOPLE OF THE STATE OF CALIFORNIA    versus    [XX] PRESENT    129948    - A

[D]EFENDANT: JAMES CHARLES SEEGARS    - B

AKA: Jamie Charles Seegars    [ ] NOT PRESENT    - C

[C]OMMITMENT TO STATE PRISON    - D

[A]BSTRACT OF JUDGMENT    [ ] AMENDED ABSTRACT    - E

| [DA]TE OF HEARING (MO)(DAY)(YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 05, 03, 89 | 9 | JACK KOMAR | J. BALLAH |

| [RE]PORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| H. GORLEY | R. TITUS | Y. TREVINO | J. GRUBBS |

DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:

[ ] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO | DAY | YEAR | JURY | COURT TRIAL | PLEA | CONVICTION BY | CONCURRENT | CONSECUTIVE | 1170.1(a) | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | PC | 211/212.5(b) | Robbery 2nd deg. | 88 | 04 | 05 | 89 | X | | U | | | | | 5 | 00 |
| | PC | 664/261(2) | Attempt. Rape | 88 | 04 | 05 | 89 | X | | | X | | | | 1 | 00 |
| 3 | PC | 236/237 | False Imprisonment | 88 | 04 | 05 | 89 | X | | | | | X | | 0 | 00 |
| | PC | 288a(c) | Oral Copulation | 88 | 04 | 05 | 89 | X | | M | | | | | (6 | 00) |
| 10 | PC | 288a(c) | Oral Copulation | 88 | 04 | 05 | 89 | X | | M | X | | | | (6 | 00) |

ENHANCEMENTS (CHARGED AND FOUND, STRICKEN, TIME IMPOSED):

| [CO]UNT | 12022(a) | | 12022(b) | | 12022.3(a) | | 12022.3(b) | | 12022.5 | | 12022.6(a) | | 12022.6(b) | | 12022.7 | | 12022.8 | | 667.8(a) | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | C/F | S | C/F | S | C/F | S | C/F | S | C/F | S | C/F | S | C/F | S | C/F | S | C/F | S | | | |
| | | | | | | | | | | | | | | | | | X | | X | 3 | 00 |

INCOMPLETED SENTENCE(S) CONSECUTIVE:

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
|---|---|---|
| | | |

S. A. NUMBER
667.5(a)
667.5(b)

[O]THER ORDERS:
Rest. Fine $100.00
Deft. advised of his Appeal
Rights and Parole Rights

B. NUMBER OF PRIOR FELONY CONVICTIONS:
PC 1192.7 1                   1

5  00

[T]OTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A):

[T]IME STAYED § 1170.1(a) (5-YEAR LIMIT) AND/OR § 1170.1(f) (DOUBLE BASE LIMIT):

TOTAL TERM IMPOSED:  ➤  54  00

EXECUTION OF SENTENCE IMPOSED:

[A]T INITIAL SENTENCING HEARING    B. [ ] AT RESENTENCING PURSUANT TO DECISION ON APPEAL    C. [ ] AFTER REVOCATION OF PROBATION    D. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC§1170(d))

| [DA]TE SENTENCE PRONOUNCED MO 05 | DAY 03 | YEAR 89 | CREDIT FOR TIME SPENT IN CUSTODY: | TOTAL DAYS 583 | INCLUDING: | ACTUAL LOCAL TIME 389 | LOCAL CONDUCT CREDITS 194 | STATE INSTITUTIONS [ ] DMH  [ ] CDC |
|---|---|---|---|---|---|---|---|---|

[D]EFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

[X] FORTHWITH    INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:    [ ] CALIF. INSTITUTION FOR WOMEN — FRONTERA    [X] CALIF. MEDICAL FACILITY — VACAVILLE    [ ] CALIF. INSTITUTION FOR MEN — CHINO

[ ] AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS    [ ] OTHER (SPECIFY): __

CLERK OF SUPERIOR COURT

[I] certify the foregoing to be a correct abstract of the judgment made in this action.

[CLERK']S SIGNATURE _____    DATE 4-4-89

[This] form is prescribed pursuant to Penal Code §1213.5 to satisfy the requirements of Penal Code §1213 (Abstract of Judgment and Commitment) for determinate [senten]ces under Penal Code §1170. A copy of probation report shall accompany the Department of Corrections' copy of this form pursuant to Penal Code §1203c. [A co]py of the sentencing proceedings and any supplementary probation report shall be transmitted to the Department of Corrections pursuant to Penal Code [§120]3.01. Attachments shall be used but must be incorporated by reference.

[F]orm Adopted by the

ABSTRACT OF JUDGMENT — COMMITMENT

00108

Mr. James Seegars- E-16635
630 - 1-29L
P.O. Box 9
Avenal, Ca, 93204



US POSTAGE
$ 05950

RECEIVED
AUG 18 2008

TO: Clerk OF THE Court
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, Ca, 94102

Confidential

CONFIDENTIAL

R.D. Hdz                    R.D. Hdz